**THE UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - -

LILLIAN ROBERTS, as Executive Director,
DISTRICT COUNCIL 37, AMERICAN FEDERATION
OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, and its Affiliated Locals,
DENNIS IFILL, as President of LOCAL 1359
(Rent Regulation Services Unit Employees); and
ESTHER TUCKER, as President of LOCAL 384;
JAMES B. CULLEN, as Administrator of LOCAL 2054;
MAF MISBAH UDDIN, as President of LOCAL 1407;
ROBERT AJAYE, as President of LOCAL 2627;
BEHROUZ FATHI, as Acting President of CIVIL SERVICE
TECHNICAL GUILD - LOCAL 375; ERIC LATSON,
as President of LOCAL 1597; CHARLES FARRISON, as
President of LOCAL 1797; MARK ROSENTHAL, as
President of LOCAL 983; KYLE SIMMONS, as President
of LOCAL 924; MANUEL A. ROMAN, Jr.;
and CLIFFORD KOPPELMAN, as President of Local 1070,

**VERIFIED**
**COMPLAINT**

Civil Case No.:

Plaintiffs,

- against -

DAVID A. PATERSON, as Governor of the
State of New York; NEW YORK ASSEMBLY;
NEW YORK STATE SENATE; JONATHAN LIPPMAN, as
Chief Judge of the New York State Unified Court System;
NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL; THE CITY UNIVERSITY
OF NEW YORK (Matthew Goldstein, as
Chancellor of the City University of New York); and
THE STATE OF NEW YORK,

Defendants.

PLAINTIFFS, LILLIAN ROBERTS, as Executive Director and Chief Executive Officer

of District Council 37, American Federation of State, County and Municipal Employees, AFL-

CIO, DENNIS IFILL, as President of Local 1359, ESTHER TUCKER, as President of Local

384, JAMES B. CULLEN, as Administrator of Local 2054, MAF MISBAH UDDIN, as

President of Local 1407, ROBERT AJAYE, as President of Local 2627, BEHROUZ FATHI, as Acting President of Local 375, ERIC LATSON, as President of Local 1597, CHARLES FARRISON, as President of Local 1797, MARK ROSENTHAL, as President of Local 983, KYLE SIMMONS as President of Local 924, MANUEL A. ROMAN, Jr., as President of Local 1087 and CLIFFORD KOPPELMAN, as President of Local 1070, on behalf of the State employees represented by the respective local unions, by their attorney MARY J. O'CONNELL, Esq., Erica C. Gray-Nelson, Esq., Of Counsel, as and for their complaint allege as follows:

## NATURE OF ACTION

1.      This is an action for declaratory, injunctive and monetary relief brought pursuant to Title 28 U.S.C. §§ 2201, et seq., to redress the defendants' violation of plaintiffs' rights guaranteed by Article1, §10 of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and Article I, §§ 6, 11 and 17 of the New York State Constitution by: (a) imposing a furlough with a resulting 20% reduction of the wages of Plaintiffs-represented State employees; (b) failing to pay, on an indefinite basis, wage increases that were due on March 25, 2010 and April 1, 2010 to Plaintiffs' represented State employees; (c) and by failing to make required financial contributions to employee benefit funds.  Plaintiffs seek a declaration that the involuntary "furlough" program enacted and signed into law on May 10, 2010 and the indefinite withholding of the wage increase are unconstitutional, and seek a preliminary and permanent injunction against the implementation of the law.

        No prior application for the relief requested in this complaint has been made in any forum.

## JURISDICTION

2.      This Court has jurisdiction pursuant to Title 28 U.S.C. § 1331, as well as by this court's supplemental and pendent jurisdiction.

## VENUE

3.      Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because the offices of Defendants Governor David Paterson, the New York State Assembly and the New York State Senate are located in Albany, New York. Plaintiff DC 37 also maintains an office in Albany, New York.

## THE PARTIES

### PLAINTIFFS

4.      Plaintiff Lillian Roberts, at all times pertinent to this action was and is the duly elected Executive Director and Chief Executive Officer of District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO (hereinafter "DC 37"), an amalgam of 55 local unions representing approximately 120,000 employees in the various agencies, authorities, boards and corporations in the City of New York.  Among DC 37 members are some 345 Executive Branch employees and approximately 7,800 bargaining unit members are employees at senior colleges of the City University of New York.

5.      Plaintiff Dennis Ifill is the President of Local 1359, the Rent Regulation Services Unit employees, which represents approximately 345 bargaining unit members employed by the New York State Division of Housing and Community Renewal.  Mr. Ifill is also an employee of defendant NYS Division of Housing and Community Renewal and works as a Rent Examiner I in the Division of Housing and Community Renewal office located at Gertz Plaza, 92-31 Union Hall Street, Jamaica, New York.

6.    Plaintiff Esther Tucker is President of Local 384, which represents 1,468 employees in clerical-administrative titles at CUNY senior colleges and at the Educational Opportunity Centers.

7.    Plaintiff James B. Cullen is the Administrator for Local 2054, which represents 4,458 CUNY employees in the College Assistant title at senior colleges.

8.    Plaintiff Maf Misbah Uddin is the President of Local 1407, the New York City Accountants, Statisticians and Actuaries unit, which represents approximately 127 CUNY employees in accounting related titles at senior colleges.

9.    Plaintiff Robert Ajaye is the President of Local 2627, which represents approximately 584 CUNY employees in electronic data processing related titles at the senior colleges.

10.    Plaintiff Behrouz Fathi is the Acting President of Local 375, the Civil Service Technical Guild, which represents 154 CUNY employees in the engineering and technical titles at senior colleges.

11.    Plaintiff Eric Latson is the President of Local 1597, which represents approximately 657 CUNY employees in the Custodial Assistant title at senior colleges.

12.    Plaintiff Charles Farrison is the President of Local 1797, which represents 110 CUNY employees at senior colleges.

13.    Plaintiff Mark Rosenthal is the President of Local 983, New York City Motor Vehicle Operators unit, which represents 45 CUNY employees in the Motor Vehicles at senior colleges.

14.    Plaintiff Kyle Simmons is the President of Local 924, which represents approximately 87 CUNY employees in the Laborer title at senior colleges.

15.    Plaintiff Manuel A. Roman, Jr., is the President of Local 1087, which represents approximately 11 CUNY employees in the Locksmith title at senior colleges.

4

16.     Plaintiff Clifford Koppelman is the President of Local 1070, the Court, County and Department of Probation Employees unit, which represents approximately 1,420 employees of the New York Unified Court System.

## DEFENDANTS

17.     Defendant David A. Paterson is the Governor of the State of New York and is being sued herein in his official capacity, and, is pursuant to N.Y. Constitution Article IV, § 1, responsible for the administration of the Executive Branch of New York State by virtue of his position.

18.     Defendants New York State Assembly and New York State Senate pursuant to N.Y. Constitution Article III, § 1 comprise the two houses of the New York State Legislature, in which the legislative power of the State vests.

19.     Defendant State of New York is maintained pursuant to the State Constitution. Defendant is the public employer of hundreds of DC 37 represented employees, and is organized into various agencies for the purpose of providing services to citizens of the State of New York, with its principal office is located at the State Capitol, Albany, New York.

 20.     Defendant NYS Division of Housing and Community Renewal ("DHCR") is a State agency subject to all statutes, laws, bills or amendments under the jurisdiction of the State of New York.

21.     Defendant City University of New York is an independent system of higher education created by the NYS Legislature to provide post-secondary education in New York City, and was created pursuant to the provisions of the New York Education Law.  It employs thousands of DC 37 represented employees in various titles.

## STATEMENT OF FACTS

Failure to Pay Negotiated Salary Increase to Rent Regulation Services Employees

22.    DC 37 is recognized under the Taylor Law as the exclusive representative for collective negotiations and contract administration for approximately 345 employees of the Executive Branch of the State of New York in the Rent Regulation Services Unit employed by Defendant DHCR.

23.    DC 37 and its affiliate Local 1359 and the State of New York are parties to a collective bargaining agreement, in effect for the period April 2, 2007 to April 1, 2011 ("DHCR Agreement"). (See copy of the DHCR Agreement attached to the Affidavit of Michele Trester and annexed hereto as Plaintiff Exhibit A.)

24.    The DHCR Agreement was executed by the State and DC 37 on March 8, 2008.

25.    There are two payrolls for Executive Branch employees: the Administrative payroll and the Institutional payroll. Every Executive Branch employee covered by the DC 37/State DHCR collective bargaining agreement is on one of these two payrolls.

26.    In the DHCR Agreement, Article 7, the compensation clause, provides that salary increases shall be implemented as follows: three percent (3%) in April 2007 (retroactive), three percent (3%) in April 2008, three percent (3%) in April 2009 and four percent (4%) in April 2010, compounded.

27.    For the years 2007, 2008 and 2009, the three percent (3%) wage increases were implemented on the dates as set forth in the Agreement.

28.    The DHCR Agreement provide for a four percent (4%) salary increase beginning on April 1, 2010, for the employees on the Administrative payroll and on March 25, 2010 for employees on the Institutional payroll.

29.    In April 2010, the Governor failed to introduce legislation to implement the contractual four percent (4%) salary increase contained in the DHCR Agreement.

30.    There was no budget in place by April 1, 2010, for fiscal year 2010-2011, and therefore the Governor and the Legislature have passed short-term emergency appropriations bills authorizing specific funds to keep the State functioning.

31.    These emergency appropriations bills have included funding for salaries for State employees.

32.    On or about April 12, 2010, the Governor proposed Program Bill Number 234, authorizing the payment of salaries for Executive Branch employees including employees covered by the DHCR Agreement.

33.    Because the Institutional and Administrative payrolls contain a two-week salary lag, Program Bill Number 234 covered the first pay period of time during which the four percent (4%) salary increase for fiscal year 2010 was to be reflected in the paychecks of State employees.

34.    Program Bill 234, enacted as Chapter 35 of the Laws of 2010, stated in relevant part that the salaries paid to State employees "shall not be based on the amounts applicable pursuant to [subparagraphs of] . . .Section 130 of the Civil Service Law . . .insofar as such subparagraphs provide for a general salary increase of four percent."

35.    Article VII, Section 4 of the New York State Constitution states in relevant part:

> The Legislature may not alter an appropriation bill submitted by the Governor except to strike out or reduce items therein.

36.    Pursuant to Article VII, Section 4 of the New York State Constitution, the Legislature was restricted to either approving or rejecting, in the entirety, the Governor's April 12, 2010

budget allocation bill that omitted the four percent (4%) salary increase. The Legislature approved the bill on April 12, 2010.

37.     Each week since April 12, 2010, the Governor has introduced, and the Senate and Assembly have approved, program bills funding Executive Branch employees' salaries, containing the same language of the April 12, 2010 bill, omitting the four (4%) salary increase required by the DHCR Agreement.

Failure to Contribute to the Employee Benefit Fund for Rent Regulation Services Employees

38.     The DHCR Agreement also provides for contributions to an employee benefit fund for negotiated dental and optical benefits to the DC 37 represented employees, as well as insurance coverage for excess prescription co-pay.

39.     The Agreement requires that periodic per cap contributions be made by the State to Employee Benefit Fund.

40.     The relevant provisions of the DHCR contract requiring contributions to the Employee Benefit Fund specifically state:

### Article 10 Employee Benefit Fund

§10.1  The State and the Union agree that they shall hereinafter enter into a contract to provide for the implementation of an employee benefit fund, in accordance with such terms as shall be jointly agreed upon by the parties and subject to the approval of the Comptroller to be established by the union to provide certain health and welfare benefits for employees and retirees.

10.4  The State shall deposit in the employee benefit fund the amount set forth below per employee and retiree who continues to receive a service retirement benefit for each year of this Agreement, such amount to be deposited as soon as practicable after the first day of each quarter.

                        ****
Effective 4/01/10 – and thereafter     $220.00 per quarter

8

41.     The Governor failed to include in his emergency appropriations bills the funds necessary for DHCR to make its first quarterly Employee Benefit Fund contributions that was due April 1, 2010, and as a result such contributions have not been made.

42.     The DHCR Agreement also contains, as an appendix, specific salary schedules denoting the fixed salaries negotiated for employees subject to the Agreement, by grade level and years of service for each year covered by the Agreement.

43.     Employees' salaries are governed by, and employees are paid, a base amount of salary denoted on the salary schedule for their grade level and years of service.

44.     Article 7 of the DHCR Agreement refers to the salary schedules.

The Unified Court System's Failure to Contribute to the Employees' Benefits Fund

45.     The New York State Unified Court System ("UCS") and DC 37 are parties to a collective bargaining agreement covering employees in the Court, County and Department of Probation unit ("UCS Agreement"), in effect for 2007 through 2011.  As previously stated, UCS employs approximately 1420 DC 37 bargaining unit members.

46.     The UCS Agreement also provides for contributions to an Employee Benefits Fund for negotiated dental and optical benefits to the DC 37 represented employees.

47.     The Agreement requires that periodic per cap contributions be made by the State to Employee Benefits Fund.

48.     The UCS contractual provisions requiring contributions to the employee benefits fund state:

> **BENEFITS FUND**
>
> 25.1(d) Effective April 1, 2010, the State shall contribute a pro rata annual sum of $1,280 per active employee for remittance to the Union's Benefits Fund. A pro rata contribution of $640.00 to such Fund shall be made by the State for part-time and per diem

employees provided they are working on a regular basis at least half the regular hours of full-time employees in the same title.

49.    The Governor failed to include in his emergency appropriations bills the funds necessary for UCS to make its first quarterly Employee Benefit Fund contributions that was due April 1, 2010, and as a result such contributions have not been made.

50.    Due to defendants' failure to make or cause to be made contributions to the Employee Benefit Fund, the Fund must rely on its reserves to continue to pay benefits.

51.    Once the reserves are depleted, which will occur on or about July 1, 2010, the Fund will not have sufficient funds to meet its obligations to pay benefits under the plan, including payments to providers.

52.    If payments to providers are ceased, they will sever their relationship with the Fund and will likely not renew such relationships, even when contributions are reinstated and continued, due to the Fund's perceived instability, resulting in substantial and irreparable injury to the Fund.

DC 37 Represented Employees of CUNY

53.    DC 37 is also recognized under the Taylor Law as the "exclusive representative" for purposes of collective negotiations and contract administration for approximately 7,800 employees of Defendant CUNY.

54.    DC 37 and CUNY are parties to three collective bargaining agreements: 1) the 2006-2009 Agreement covering Custodial, Stores-Stock and Security Employees ("Blue Collar Contract"); 2) the 2006-2009 Agreement covering Clerical, Custodial, and Related Employees of the Educational Opportunity Centers of Brooklyn, Manhattan, Queens and the Bronx ("E.O.C. Contract"); and 3) 2006-2009 Agreement covering Clerical, Administrative and Professional Employees of the Classified Service of the City of University of New York, and 2007-2010 Agreement covering the City University of New York and the New York State Nurses

Association ("White Collar Contract"). (A copy of each agreement is attached to the Affidavit of David Paskin and annexed thereto as Exhibit A, B and C respectively.)

55.     Defendants State of New York and Governor Paterson, or their representatives, do not participate in contract negotiations between DC 37 and CUNY (see Affidavit of David Paskin, ¶ 8.)

56.     The DHCR, Blue Collar, E.O.C. and White Collar Agreements do not allow for furloughs of employees in the bargaining units or for a reduction of their salaries. In addition, the Agreements do not prevent DC 37 represented State employees from using their accrued leave credits to offset absences from work.

57.     On May 7, 2010, Defendant Governor Paterson submitted an emergency appropriations bill, which directs that DC 37 represented Executive Branch employees and DC 37 represented employees of CUNY senior colleges be furloughed one day per week for an unknown number of weeks.

58.     On May 10, 2010, the Legislature voted to adopt the bill and the Governor signed it into law.

59.     The Furlough law also applied only to unionized workers employed by the Executive Branch of the State of New York and CUNY.

60.     As a result of the furlough, DC 37 represented employees will not receive the amount of salary for the 2010-2011 year that corresponds to their grade level and years of service as negotiated by DC 37 and set forth on the salary schedules in the Agreements.

61.     Each Agreement contains an attendance and leave provision that provides for the holiday, vacation and sick leave accruals for employees covered by the agreement. The leave provisions

permit employees under certain conditions to utilize accrued paid vacation and sick time during times the employees are on leave from their employment with the State.

62.     The emergency appropriations bill approved by the Legislature on May 10, 2010, prohibits Executive Branch and CUNY employees form utilizing their contractual earned and accrued paid leave time to cover loss of pay for the days they are to be furloughed.

63.     DC 37 represented employees will thus have no way to offset the substantial loss of income they will incur as a result of the involuntary furlough.

64.     The Governor's imposed furlough will also affect retirement system service credit for all furloughed employees, as well as the final average salary computations for those DC 37 represented employees who intend to retire in the 2010-2011 fiscal year, or within two years thereafter, thereby resulting in reduced pension benefits over the remainder of the employees' lives.

65.     Moreover, the furlough specifically affects DC 37 represented CUNY employees even though CUNY is not a part of the State's Executive Branch.

66.     The Legislature did not make a finding in conjunction with the passage of the legislation that the State of New York was in a fiscal emergency or a crisis, or that the work week reduction imposed by the legislation was necessary to remedy a fiscal emergency or crisis.

67.     Defendants DHCR and CUNY also did not make a finding that they were in a fiscal emergency or crisis, or that a work week reduction was necessary to remedy a fiscal emergency or crisis.

68.     By reason of Defendants' unconstitutional actions, DC 37 represented members have suffered and will continue to suffer a deprivation of their contractual rights and benefits.

69.     Plaintiffs have no adequate or speedy remedy at law for the unconstitutional conduct of

Defendants, and this action for injunctive relief is Plaintiffs' only means for securing relief.

## AS AND FOR A FIRST CAUSE OF ACTION

70.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 70 as if

stated herein.

71.     Article I, § 10, Clause 1, states in relevant part that, "No State . . . shall pas any . . . law

impairing the Obligation of Contracts . . . ."

72.     Public sector collective bargaining agreements in New York State must comply with the

Taylor Law, Civil Service Law § 204-a.1.

73.     Civil Service Law § 204-a.1 provides that all collective bargaining agreements between

public employers and employee organizations, "shall not become effective until the appropriate

legislative body has given approval."

74.     The Legislature approved the DHCR Agreement required by Civil Service Law § 204-a.1

through passage of legislation passed on [January 28, 2008], Ch. 10, amending Civ. Serv. L. §

130.

75.     Civil Service Law 204-a.1 does not make the compensation sections of the collective

bargaining agreements conditional or subject to annual legislative appropriations.

76.     The Agreement between DC 37 and the State, duly approved by the New York State

Legislature pursuant to the Taylor Law on March 8, 2008, provide for salary increases of four

percent (4%) on April 1, 2010, for employees covered by the Agreement.

77.     The Governor was required by contract to introduce legislation, and the Legislature was

required to pass legislation, providing for the four percent (4%) salary increases contained in the

DHCR Agreement.

78.    On or about April 12, 2010, the Governor proposed and the Legislature passed the Governor's Program Bill 234, omitting the four percent (4%) increase for employees covered by Article 7 of the DHCR Agreement.

79.    Each week since April 12, 2010, the Governor has introduced and the Senate and Assembly have passed, legislation to pay DC 37 represented State employees' salaries, omitting the four percent (4%) salary increase.

80.    The passage of successive legislative bills since April 1, 2010 that failed to provide for the four percent (4%) negotiated salary increase for DC 37 represented employees each constitutes an impairment of contract by legislative act in violation of the Contract Clause of the United States Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION

81.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 80 as if stated herein.

82.    The DHCR Agreement, duly approved by the New York State Legislature pursuant to the Taylor Law in or around March, 2008, provide for quarterly financial payments by the State to DHCR and UCS Employee Benefit Fund during each fiscal year covered by the Agreements, including fiscal year 2010-2011.

83.    The UCS Agreement duly approved by the New York State Legislature pursuant to the Taylor Law in or around 2008 provides for financial payments by UCS to the employees' Benefits Fund quarterly during each fiscal year covered by the Agreement including fiscal year 2010-2011.

14

84.    The Governor was required by contract to introduce legislation, and the Legislature was required to pass legislation, providing for the contributions to the DHCR and UCS Benefits Funds.

85.    The Governor has failed to propose a bill that includes funding necessary for payments to be made to the Funds as provided by the DHCR and UCS Agreements.

86.    The failure of the Governor to propose a bill since April 1, 2010, that includes funding necessary for payments to be made to the Funds constitutes an impairment of contract by legislative act in violation of the Contract Clause of the United States Constitution.

## AS AND FOR A THIRD CAUSE OF ACTION

87.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 86 as if stated herein.

88.    The Executive Branch Agreement between DC 37 and the State, duly approved by the New York State Legislature pursuant to the Taylor Law on March 8, 2008, specified annual salaries for employees which cannot be diminished by involuntary furloughs.

89.    The passage of legislation on May 10, 2010 that provides for an involuntary furlough of DC 37 represented State employees diminishes the annual salaries set forth in the Agreement between DC 37 and the State covering the period 2007 through 2011.

90.    The Agreements between DC 37 and CUNY comprehensively establish terms and conditions of employment, including salary and wages, leave entitlement, retrenchment or layoff procedures.

91.    The Furlough law substantially impairs these obligations through a legislatively mandated 20% reduction in weekly salary, without recourse to leave credits and without regard to the layoff and retrenchment provisions in the collective bargaining agreements.

92.    As such, the furlough law is unconstitutional, in that it violates the constitutional prohibition against impairment of the obligation of contracts.

## AS AND FOR A FOURTH CAUSE OF ACTION

93.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 92 as if stated herein.

94.    The right to collectively bargain is a fundamental right under Article 1, § 17 of the New York Constitution and Article 14 of the New York Civil Service Law, and is liberty or a property interest within the meaning of the Due Process Clauses of the State and Federal Constitutions.

95.    Defendants by implementing the furlough law, will deprive plaintiffs, under color of state law, of liberty or property without due process of law in violation of the Due Process Clauses of the State and Federal Constitutions.

96.    The furlough law is, therefore, on its face and as applied, unconstitutional.

## AS AND FOR A FIFTH CAUSE OF ACTION

97.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 96 as if stated herein.

98.    The Fourteenth Amendment, § 1 of the United States Constitution provides in pertinent part: ". . . No state shall make or enforce any law which shall abridge the privileges . . .; nor shall any state deny to any persons within its jurisdiction the equal protection of the laws."

99.    New York State provides similar protection pursuant to Article 1, § 11 of the State Constitution.

100.    The furlough law imposes a permanent loss of twenty percent (20%) salary/wages on only unionized State employees.  With respect to DC 37 members, neither Defendant Governor nor Defendant CUNY have demanded bargaining concessions.

16

101.   The furlough law imposes no work week reduction and commensurate loss in pay on non-unionized employees, who have no collective bargaining agreement, or on other classes of employees.

102.   Further, the furlough arbitrarily and irrationally applies to DC 37 represented CUNY employees, even though CUNY is not part of the State's Executive Branch.

103.   The furlough law does not apply to and will not affect or impair the contract of any other entities or individuals who hold contracts with New York State for goods or services.

104.   The furlough law thus intentionally and invidiously discriminates against Plaintiffs and all DC 37 represented employees with respect to salary/wages and other protected rights based on a wholly irrational classification.

105.   As such, the furlough law is unconstitutional in that it violates the constitutional mandate of equal protection.

**WHEREFORE**, Plaintiffs demand judgment:

(a)   Declaring that Chapter 35 of the Laws of 2010 and subsequent emergency appropriations bills to be unconstitutional and a nullity as violative of Article I, Section 10, Clause 1 of the United States Constitution insofar as they deny payment of the four percent (4%) raise for employees required by the DHCR Agreement;

(b)   Declaring that legislation that mandates furloughs without pay of Executive Branch employees and DC 37 represented employees of CUNY is a violation of Article I, Section 10 of the United States Constitution, as to the extent such legislation lowers salary levels mandated by the Agreements, and a violation of

the Due Process and Equal Protection Clauses of the State and Federal Constitutions;

(c)     Permanently enjoining legislation that impairs the Agreements between DC 37 and the State of New York and between DC 37 and CUNY; including legislation that mandates nullifying four percent (4%) salary increases; legislation that fails to include funding for contractual payments to the DHCR and UCS Employee Benefit Funds; and legislation that provides for unpaid furloughs of DC 37 represented State employees;

(d)     Directing Defendants to make immediate retroactive compensation to all DC 37 represented affected employees for the four percent (4%) salary increase that they should have received pursuant to the DHCR Agreement.

(e)     Directing Defendants to make all employees covered by the DHCR Agreement whole for financial losses of any kind, including pension credits, as a result of Defendants' unconstitutional actions;

(f)     Directing Defendants to pay to Plaintiffs reasonable attorneys fees and the costs and disbursement of this action;

(g)     Granting such other and further relief as this Court may deem just and proper.

Dated: May 13, 2010
       New York, New York

Respectfully submitted,

MARY J. O'CONNELL
General Counsel
District Council 37, AFSCME, AFL-CIO
Attorney for Plaintiffs

*Erica Gray. Nelson*

Erica C. Gray-Nelson (Bar Roll No. Pending)
District Council 37, AFSCME, AFL-CIO
125 Barclay Street, 5th Floor
New York, New York 10007
Tel: (212) 815-1450
Fax: (212) 815- 1440
Email: egray-nelson@dc37.net


TO:   GOVERNOR DAVID A. PATERSON
      The Capitol
      Albany, New York 12224

      ANDREW M. CUOMO, Esq.
      Office of the Attorney General
      New York State Department of Law
      State Of New York
      The Capitol
      Albany, New York 12224-0341
      (518) 474-7330

      NEW YORK STATE ASSEMBLY
      c/o Office of the Speaker
      LOB 932
      Albany, New York 11248

      NEW YORK STATE SENATE
      c/o Office of the Majority Leader
      Capitol Building, Room 420
      Albany, New York 12247

      GARY R. CONNOR
      General Counsel
      Division of Housing and Community Renewal
      38-40 State Street
      Hampton Plaza

MATTHEW GOLDSTEIN
Chancellor of the City University of New York
City University of New York
535 East 80th Street
New York, New York 10075

JONATHAN LIPPMAN
Chief Judge of the New York State Unified Court System
Empire State Plaza
Agency Building 4, Suite 2001
Albany, New York 12223-1450

## VERIFICATION

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | :SS.: |
| COUNTY OF NEW YORK | ) |

     **LILLIAN ROBERTS**, being duly sworn, deposes and says that deponent is the Executive Director of District Council 37 AFSCME, AFL-CIO, one of the Petitioners in the within proceeding, that deponent has read the foregoing Verified Complaint and accompanying attachments and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes them to be true.

 

_Lillian Roberts_
_____
LILLIAN ROBERTS

 

Sworn to before me this
13ᵗʰ day of May, 2010

_____
NOTARY PUBLIC

JESSE GRISSEN
Notary Public, State of New York
No. 02GR6126586
Qualified in New York County
Commission Expires June 9, 2013